UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 10-CV-61360-PCH

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

BC SERVICES, INC. ,

    Defendant,
_____/

**MOTION FOR JUDGMENT ON THE PLEADINGS
AND MEMORANDUM OF LAW**

Defendant, BC Services, Inc., by and through counsel, hereby files this Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12(c) and states as follows:

**I.    FACTS & ALLEGATIONS**

The instant lawsuit involves alleged violations of the Fair Debt Collection Practices Act, ("FDCPA") and the Telephone Phone Consumer Protection Act ("TCPA"), against the Defendant. Plaintiff's complaint (the "Complaint") alleges three counts and violations of the FDCPA and one count and violation of the TCPA.[1]

In the Complaint, Plaintiff alleges that Defendant left messages on his telephone that were intended for Samantha C. Gielow ("Gielow"). *See*, DE 1 at ¶ 9. Plaintiff admits that he "is not liable for the debt of Samantha C. Gielow, does not know her, nor does Ms. Gielow reside at

---

[1] In Paragraph 1 of the Complaint, the Plaintiff alleges that Defendant violated the Florida Consumer collection Practices Act ("FCCPA"). However, the Complaint contains no specific claims that Defendant violated the FCCPA. Had Plaintiff attempted to assert claims under the FCCPA, he would have no standing to do so since only a "debtor" has standing to sue under the FCCPA. *See,* Fla. Stats., § 559.77(1); *Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

Plaintiff's home." *Ibid.* at ¶ 14. Each of the messages allegedly left on Plaintiff's telephone specifically indicates that the message is intended for Gielow. *Ibid.* at ¶ 9.

Defendant hereby motions this Court for judgment on the pleadings with regard to Counts I, II, and III of Plaintiff's Complaint pursuant to F.R.C.P. 12(c). Defendant also motions this Court to dismiss Plaintiff's TCPA allegations in Count 4 pursuant to F.R.C.P.12(b)(1). Plaintiff's 47 U.S.C. §227 action under the TCPA is reserved exclusively for state courts and the jurisdiction requirements for federal court are not met.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. "Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). *See also Hogan v. Provident Life & Acc. Ins. Co.*, 2009 WL 2169850, at *3 (M.D. Fla. 2009) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim") *citing Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125-27 (2d Cir. 2001). As a result, the Court must "take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens*, 166 F.3d at 1117. A complaint's allegations are insufficient, however, if they consist of merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. LEGAL ARGUMENTS

**1. Defendant is entitled to judgment on the pleadings with regard to Plaintiff's § 1692e(11) claim, as that section applies only to communications with consumer AND Plaintiff lacks standing.**

The FDCPA at § 1692e(11) states:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (11) The failure to disclose in the initial written communication **with the consumer** and, in addition, if the initial communication **with the consumer** is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(emphasis added); *see also, Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1351 (11th Cir. 2009)("The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications *with a debtor* that the message is from a debt collector.")(emphasis added).

"Consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Therefore, the disclosure requirements of § 1962e(11) apply only to communications between the debt collector and the debtor. Since the Plaintiffs admit in the Complaint that he was not the "debtor" and the message left does not allege that Plaintiff is the debtor, the message at issue was not subject to §1692e(11).

Not only is the message not subject to § 1692e(11), but Plaintiff has no standing to bring a such a claim. Standing is an "essential and unchanging part of the case-or-controversy

requirement of Article III," and is not subject to waiver. *See, Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *Lewis v. Casey*, 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Plaintiff has the burden of establishing that he has standing to bring a claim under the FDCPA. *See, Lujan*, 504 U.S. at 560-61; *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir.2009).[2]

Plaintiff is not a "consumer" under the FDCPA as he admits he does not owe the underlying debt of Gielow nor did Defendant allege that he owed the debt. Quite simply, persons that do not meet the definition of "consumer" under § 1692a(3) have no standing to pursue § 1692e(11) claims. *See, Conboy v. AT&T Corp.,* 241 F.3d 242, 257 (2d Cir. 2001)*, Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

The 15 U.S.C. §1692e(11) claim is based entirely on the failed legal conclusion that "based upon the text of some of the messages, the least sophisticated consumer would believe he is obligated to pay a consumer debt and, accordingly is a consumer as defined in the FDCPA.…" Plaintiff cites *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-78 (11th Cir. 1985) to support his proposition that the "least sophisticated consumer" standard should apparently be applied to determine whether he has standing to pursue a claim under 1692e(11). However, *Jeter* provides no such support.

In *Jeter*, the Eleventh Circuit never addressed the issue of standing in relation to a claim under § 1692e(11). The Court instead addressed the issue of what standard should apply alleged violations of §§ 1692e(5) and (10). In its decision, the Court determined that the "least

---

[2] It is not Defendant's position that a non-debtor such as the Plaintiff would <u>never</u> have standing to sue under the FDCPA. Instead, the Defendant's argument is that the Plaintiff lacks standing to sue under specific provisions of the FDCPA, based upon the facts alleged in the Complaint.

sophisticated consumer" standard applied to a legal analysis of the merits of claims under § 1692e(10), but not § 1692e(5). *Id.,* 760 F.2d 1168 at 1175, 1177.[3]

In the Complaint, the Plaintiff himself makes a tacit admission that the "least sophisticated consumer" standard has no application to whether he has standing to pursue a § 1692e(11) claim by stating:

> The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which ***violations*** of the FDCPA are analyzed, i.e., whether the communication by the debt collector would mislead the "least sophisticated consumer".

DE 1 at ¶ 15. (emphasis added)

As Plaintiff's Complaint concedes, the least sophisticated consumer standard applies to a determination of whether there was a "violation" of the FDCPA, not the issue of whether Plaintiff meets the definition of "consumer" contained in § 1692a(3). Defendant anticipates that Plaintiff will rely on *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 612 (S.D.Fla. 2009). However in *Drossin*, the Court erroneously applied the least sophisticated consumer standard to determine whether the Plaintiff met the definition of "consumer" under § 1692a(3) and therefore, had standing to pursue a claim under § 1692e(11). Moreover, the facts relied upon by the court in *Drossin* in finding standing do not exist in the instant case. Specifically in *Drossin*, the plaintiff:

> received an initial communication in the form of a message, which did not convey the name of the debtor, but indicated that Plaintiff was a consumer who needed to protect her rights. Then, a short time later, she received a letter from the same entity indicating that

---

[3] The Eleventh Circuit recently reiterated its ruling in *Jeter* that the "least-sophisticated consumer" standard is used to evaluate whether a debt collector's communication *violates* certain provisions of the FDCPA. *See, LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 -1194 (C.A.11 2010). In *LeBlanc*, the Court expanded the least sophisticated consumer standard to alleged violations of § 1692e(10)(in part) and § 1692f.

> she owed a debt. The message, therefore, conveyed that Plaintiff allegedly owed the debt-and thus that she was a consumer.

*Id.,* at 612.

Contrarily, the messages in the instant case leave no doubt whom the Defendant was trying to reach.  The Plaintiff has included in the Complaint, a recitation of each message left. *See,* DE 1 at ¶ 9.  Each message indicates that it is being left for Gielow, not the Plaintiff.  Not even the least sophisticated consumer could reasonably believe that the messages were being left for anyone other than Gielow.

The Plaintiff makes no allegation that he, in fact, did not know that the messages were not for him, and makes no further allegations that the messages contained any false misrepresentations or deceptive means by the Defendant.  As such, Defendant is entitled to judgment on the pleadings with regarding to Count I.

### 2. Defendant is entitled to judgment on the pleadings with regard to Plaintiff's claim under § 1692d(6).

In Count II, Plaintiff alleges that Defendant violated 1692d(6) "when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages."  Unlike § 1692e(11), § 1692d(6) does not explicitly state that it applies only to communications between the debt collector and consumer.  However the only manner pursuant to which § 1692d(6) can be read to be consistent with other sections of the FDCPA is to limit its scope to communications between the debt collector and the consumer.

Specifically, § 1692d(6) requires debt collectors to "disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *See, Valencia v. Affiliated Group, Inc.*, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla. Sept. 23, 2008).  To read this provision to cover communications between collection agencies and *any person* regarding a debt

would create an internal consistency in the FDCPA. That is, a debt collector would be unable to comply with § 1692d(6) in circumstances contemplated by § 1692b and § 1692c(b).

Both §§ 1692b and 1692c(b) specifically address communications with persons other than the debtor. Under each section, a debt collector is prohibited (with limited exceptions) from disclosing information regarding the debt to persons other than the consumer. As such, a debt collector cannot provide information required by § 1692d(6), such as the debt collection company's name and the nature of the debt collector's business, in communications with third-parties. *See, Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322, 1328 (S.D.Fla. 2009)("debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity"). To do so would subject the debt collector to liability under § 1692b or § 1692c(b). S*ee, Thomas v. Arrow Fin. Servs., LLC*, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346, *2-*4 (N.D. Ill. Aug. 17, 2006) (certifying class of plaintiffs "whose employers received a document not limited to location information in violation of the" Act); *Austin v. Great Lakes Collection Bureau*, 834 F. Supp. 557, 559 (D. Conn. 1993) (granting to plaintiff summary judgment on § 1692c(b) claim for debt collector's communications with plaintiff's secretary).

"Statutes should be interpreted to avoid untenable distinctions and unreasonable results." *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (U.S. 1982); *see also United States v. Ballinger*, 395 F.3d 1218, 1236 (11th Cir. 2005)("one of the fundamental tenets of statutory construction [is] the requirement that statutes be read so as not to render any provision meaningless or superfluous.")

In the instant case, Plaintiff's proposed reading of § 1692d(6) to require "meaningful disclosure" by a debt collector in communications with any party relative to a debtor's account

would render meaningless the provisions of § 1692b and § 1692c(b). That is, the debt collector would have to disclose "the debt collection company's name, and the nature of the debt collector's business" to whomever it spoke with regarding the account. *See, Valencia*, supra. Plaintiff's suggested reading is wholly inconsistent with other pertinent portions of the FDCPA.

Since the messages at issue were left not on the consumer's phone, but rather, Plaintiff's phone, the messages do not fall under the purview of § 1692d(6).

Moreover, even if the Plaintiff could seek protection under § 1692d(6), he would have to plead some injurious exposure to the communication. *See, Bank v. Pentagroup Financial, LLC,* 2009 U.S. Dist. LEXIS 47985("for the offending communication to be 'with respect to' a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing to sue."), citing *Sibersky II,* 155 Fed. App'x at 11-12, *see also Guillory v. WFS Financial, Inc.,* No. C 06-06963, 2007 U.S. Dist. LEXIS 24910, 2007 WL 879017, at *2 (N.D. Cal. Mar. 21, 2007.)[4] Plaintiff's Complaint makes no allegations of harm or injurious exposure from the communication. Accordingly, Defendant is entitled to judgment on pleadings with regard to Count II.

### 3. Defendant is entitled to judgment on the pleadings with regard to Plaintiff's claim under § 1692d(5).

In Count III, Plaintiff claims that Defendant violated 1692d(5) by causing his phone "to ring repeatedly or continuously with the intent to annoy, abuse or harass." The FDCPA at §1692d(5) prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." In order to establish his case, Plaintiff must prove that Defendant

---

[4] *See also, Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003)(interpreting *§ 1692d* to mean that any person who has been *harmed* by a proscribed debt collection practice under *§ 1692d* may sue for damages under *§ 1692k*.)

caused his telephone to ring "repeatedly or continuously." Moreover, the statute also requires Plaintiff to prove that it was Defendant's "*intent* to annoy, abuse, or harass" him.

Moreover as indicated above, courts have consistently held under §1692d of the FDCPA, a non-consumer must plead some injurious exposure to the communication to have standing to sue. Because Plaintiff has made allegations of injurious exposure to any of the alleged communications, he has no standing to bring a §1692d claim.

Even if Plaintiff had standing to pursue a claim under § 1692d(5), the allegations in the Complaint are insufficient to withstand Defendant's Motion. Plaintiff alleges that Defendant called and left a message a total of 6 times[5] over the course of a 10-month period.[6]

In the Complaint, Plaintiff cites *Sanchez v. Client Services* to somehow illustrate the allegations establishment of a pattern of intent to annoy, abuse and harassment. However the court in *Sanchez* found harassment incurred when a Defendant placed 54 phone calls and 25 messages to a consumer's place of employment. Additionally, the court found that the consumer also made several do not call requests and that these requests were violated. Plaintiff's alleged facts are completely different from *Sanchez* as there were only six (6) phone calls to and messages left on Plaintiff's phone, and Plaintiff alleges no attempts to notify Defendant that there was no person at the number, and no notification to stop calling.

A more helpful case is *Tucker v CBE Group, Inc*., 2010 WL 1849034, 1 (M.D.Fla. 2010). In that case as in the instant case, the collector was calling a number it believed belonged to the

---

[5] Plaintiff alleges seven phone calls and messages were left in its Complaint. However, the first message alleged is dated July 13, 2009 which is beyond the one year statute of limitations requirement of 15 U.S.C. §1692.

[6] Plaintiff also alleges that Defendant left "similar or identical messages on other occasions." However this allegation "does not satisfy *Iqbal* because it is merely a 'naked assertion' devoid of 'further factual enhancement.'" *See, Sampaio v I.C. System,* Case No. 09-21689 (November 5, 2009). A copy of Judge Jordan's Order in *Sampaio* is attached hereto as Exhibit 1.

debtor, but that actually belonged to someone else.  The collector admitted to have placed "fifty-seven calls to the relevant number" and as many as "seven calls on any given day." *Id.*  The non-debtor filed suit claiming, *inter alia,* that defendant violated § 1692d(5).  The defendant moved for summary judgment on plaintiff's § 1692d(5) claim.  The court granted the motion stating:

> Plaintiff has not demonstrated that CBE engaged in oppressive conduct such as repeatedly making calls after it was asked to cease. Notably, Defendant never even spoke to Plaintiff; Defendant was not notified that it could not reach Stacey Tucker at the relevant telephone number and Plaintiff did not request that CBE cease calling.
> While the number of calls made during the relevant time period does seem somewhat high, Defendant only left a total of six messages, made no more than seven calls in a single day, and did not call back the same day after leaving a message. The evidence demonstrates that CBE placed each of its telephone calls with an intent to reach Stacey Tucker rather than an intent to harass Plaintiff.
> Thus, the circumstances here do not constitute a violation of Section 1692d(5) as a matter of law.

*Id.*, 2010 WL 1849034, 3.

In the instant case, Defendant was calling for Gielow, not Plaintiff.  At no time did Plaintiff ever request Defendant cease calling.  Moreover, the total number of attempted calls placed by Defendant was only six (6) over a period of 10 months; there were no actual conversations.

Since the Plaintiff lacks standing and the facts alleged are insufficient to sustain a claim under § 1692d(5), Defendant is entitled to judgment on the pleadings with regard to Count III.

### 4. The Court lacks jurisdiction to entertain Plaintiff's TCPA claim.

Count IV is brought under 47 U.S.C. §227(b)(1)(B) of the TCPA and should be immediately dismissed for lack of jurisdiction.  The Eleventh Circuit Court of Appeals explicitly held that federal courts lack subject matter jurisdiction of private actions under the TCPA, as

state courts have exclusive jurisdiction. *Nicholson v. Hooters of Agusta*, 136 F.3d 1287, 1289, (11th Cir. 1998), *Condon v. Office Depot*, 855 So. 2d 644, 647 (Fla. 2nd DCA 2003.)

Plaintiff's claims are exclusive to state court and there are no grounds to exercise supplemental jurisdiction as the alleged amount in controversy could not exceed the $75,000 jurisdictional requirement. Again, Plaintiff's attorney is well aware that federal courts have no jurisdiction over TCPA claims as this Court has consistently ruled against him before on this very issue.[7]

## IV. CONCLUSION

Defendant is entitled to judgment on the pleadings and dismissal of this matter in its entirety. Counts I, II, and III must be dismissed with prejudice, while Count IV must be dismissed for lack of jurisdiction. Defendant is entitled to an entry of a judgment in its favor.

Plaintiff and Plaintiff's attorney should also be liable for sanctions, costs, and attorneys fees associated with the defense of this action pursuant to 15 U.S.C. §1692k(a)(3), 28 U.S.C. §1927 and F.R.C.P.11. Plaintiff filed this action without any contact with Defendant to attempt to resolve the matter without litigation. In fact, Plaintiff waited 2 months after the last alleged phone call before filing this action, presumably waiting for more phone calls to accumulate, and finally filed this case before another alleged phone call expired under the one year statute of limitations. Furthermore, Plaintiff's Complaint is filled with boilerplate allegations and requests for types of relief that do not possibly apply to the case. Plaintiff has filed 8 other Complaints with this Court with the exact same language, and Plaintiff's attorney has filed 172 similar Complaints for various debtors since January 1st of this year. Finally Plaintiff's Complaint is

---

[7] *See, e.g. Lewis v Central Credit Svcs., Inc.*, Case No. 09-CV-22406; *Outten v. United Collection Bureau, Inc.*, Case No. 09-21817; *Mims v Arrow Fin. Svcs.*, Case No. 09-22347; *Harmon v. Accounts Receivable Management, Inc.*, Case No. 08-81438; *Ortega v. United Collection Bureau*, 09-22657.

filled with legal conclusions made by Plaintiff's attorney that have previously been rejected by this Court and others.

28 U.S.C. §1927, in full, provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies* the proceedings in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" (emphasis added).

Courts have held that "three types of conduct warrant *Rule 11* sanctions: (1) when a party files a pleading that has *no reasonable factual basis;* (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. *"Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003)*. The standard for testing conduct under *Rule 11* is reasonableness under the circumstances. *Id.*

Here, the Plaintiff and his attorney multiplied the proceedings in this case unreasonably and vexatiously, and exhibited a deliberate indifference to obvious facts, case law, and good faith. Accordingly, this Court should award Defendant sanctions, costs and attorneys fees for its defense, and any other remedy this Court see fit.

        Respectfully submitted,

            /s/ Dale T. Golden
            DALE T. GOLDEN, ESQUIRE
            Fla. Bar No. 0094080
            **GOLDEN & SCAZ, PLLC**
            2124 W. Kennedy Blvd., Suite A
            Tampa, Florida 33606
            813-251-5500
            813-251-3675 (f)
            dale.golden@goldenscaz.com
            **Attorneys for Defendant**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 25th day of August, 2010.

            /s/ Dale T. Golden
            Fla. Bar No. 0094080