UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61360-CIV-HUCK/O'SULLIVAN

LAWRENCE M. SCLAFANI,

    Plaintiff,
v.

BC SERVICES, INC.,

    Defendants.
_____/

### ORDER

    Plaintiff Lawrence M. Sclafani is suing Defendant BC Services, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(B) ("TCPA").  BC Services moves for judgement on the pleadings [D.E. #8], filed August 25, 2010, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Defendant's Motion for Judgment on the Pleadings is granted.

I.    **FACTUAL BACKGROUND**

    Lawrence Sclafani alleges that BC Services called his home telephone number and left seven messages related to debt collection.  The first message was left on July 13, 2009, and the last message was left on March 31, 2010.  In all seven messages, the callers stated that the message left was intended for a Samantha Gielow.  All the messages also requested that Ms. Gielow return the call at the telephone number: (866) 822-1798.  Four of the messages were pre-recorded calls, while three of the messages were left by a live caller.  The first, third, fifth, sixth, and seventh messages identify the caller as being employed by BC Services, which was identified as a "debt collection agency."  In the second and fourth messages, which were placed by live callers, the caller identified himself/herself but did not note that the call was placed on behalf of a debt collection agency.  In those messages, the caller explained that he or she was looking for Samantha Gielow, and requested that the message be related to Ms. Gielow so that she could

return the call at the number provided. Sclafani alleges that he does not know Ms. Gielow and she does not reside at his residence. Sclafani further alleges that he is not liable for Ms. Gielow's debt.

## II.    COUNTS I–III:  FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Sclafani alleges that BC Services violated § 1692e(11), § 1692d(6), and § 1692d(5) of the FDCPA. For the following reasons, the Court finds that BC Services did not violate these provisions. Therefore, the Court grants Defendant's Motion for Judgment on the Pleadings with regard to Counts I–III.

### A.    Count I:  Section 1692e(11)

Sclafani alleges that BC Services violated § 1692e(11) by failing to disclose in its voice messages that it was a debt collector. The Court finds that Sclafani cannot state a claim under § 1692e(11) because he is not a "consumer" under § 1692a(3), and thus is not entitled to bring a claim under § 1692e(11).

Section 1692e makes it a violation of the FDCPA for a debt collector "[to] use any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Specifically, Section 1692e(11) states that "[t]he failure to disclose in the . . . initial oral communication [with the consumer] that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector" are violations of the section. 15 U.S.C. § 1692e(11). Notably, § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Therefore, a person who has no obligation to pay the debt of another is not a consumer under § 1692e(11). *Conboy v. AT&T Corp.*, 241 F.3d 242, 256 (2d Cir. 2001); *see Belin v. Litton Loan Servicing*, Case No. 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953, at *19 (M.D. Fla. July 14, 2006). As such, Sclafani is not a 'consumer' pursuant to § 1692a(3) for the purposes of § 1692e(11) because he is not obligated or allegedly obligated to pay any debt. (*See* Pl.'s Compl. ¶ 14 (stating that "Plaintiff is not liable for the debt of Samantha C. Gielow, does not know her,

2

nor does Ms. Gielow reside at Plaintiff's home").)

However, the Eleventh Circuit has adopted a "least sophisticated consumer" standard with regard to § 1692e violations. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172, 1175 (11th Cir. 1985) (noting that it would "discuss the legal standard applicable generally to claims of false, deceptive, or misleading representations under 15 U.S.C. § 1692(e)[,]" and then adopting the "least sophisticated consumer" standard); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) ("We employ the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA."). One court has applied the Eleventh Circuit's "least sophisticated consumer" standard to the definition of consumer in § 1692a(3) to find that a person who did not owe a debt could bring suit under § 1692e(11). *See Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 612 (S.D. Fla. 2009). In *Drossin*, by applying the least sophisticated consumer standard to the definition of 'consumer' under § 1692a(3), the court found that the least sophisticated consumer could believe that he was "allegedly obligated to pay [a] debt" when the initial communication from the debt collector did not convey the name of the debtor. *Id*. The Eleventh Circuit has not adopted this expansive interpretation of 'consumer.'

Sclafani urges the Court to find that he is a 'consumer' pursuant to the logic of *Drossin*, which he argues is factually similar. (Pl.'s Resp. at 5.) Without stating an opinion of the *Drossin* court's decision, the Court finds that case distinguishable, because in *Drossin* the debt collector did not convey the name of the debtor. *See* 255 F.R.D. at 612. Consequently, the *Drossin* court believed that the least sophisticated consumer conceivably could believe that he allegedly owed a debt. *See id*. In contrast, Sclafani clearly knew that he owed no debt, and that the debt, in fact, was owed by Samantha Gielow. To allow a person who knows that he does not owe a debt, and does not even know the debtor, to bring suit as a 'consumer' would unreasonably expand the scope of the FDCPA. Thus, the Court finds that Sclafani does not state any facts supporting a claim under § 1692e(11).

### B.     Count II:  Section 1692d(6)

Sclafani alleges that BC Services violated § 1692d(6) by placing two telephone calls to him without disclosing the caller's identity.[1] (*See* Pl.'s Compl. ¶ 9; Pl.'s Resp. at 4.)  Although the Court declines to follow the interpretation of § 1692d(6) put forth by BC Services, the Court finds that the two calls at issue did not violate § 1692d(6) because they both fall within § 1692b, an exception listed in § 1692d(6).

Section 1692d does not require that the person alleging a violation be a consumer.  This section is intended to prevent a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Specifically, § 1692d(6) makes it a violation of FDCPA for a debt collector to "place[] . . . telephone calls without meaningful disclosure of the caller's identity."  15 U.S.C. § 1692d(6).  Some courts have defined "meaningful disclosure" to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business.  *Valencia v. Affiliated Group, Inc.*, No. 07-61381-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008, at *3 (S.D. Fla. Sept. 23, 2008).  BC Services does not argue that the two calls in question provided meaningful disclosure of the caller's identity.

Instead, BC Services argues that the Court should interpret § 1692d(6) as limited to "consumers," because a debt collector leaving a voice message otherwise would not be able to comply with § 1692d(6) while at the same time complying with § 1692b and § 1692c(b), which require that a debt collector not provide information regarding a debtor or his debts to third parties.  This argument fails because the Eleventh Circuit previously has addressed a similar apparent conflict within FDCPA, noting that it is not reasonable for a defendant to violate one section of the FDCPA in order to attempt compliance with another section.  *See Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1353–54 (11th Cir. 2009) (finding that a defendant could not reasonably argue that its attempt to comply with § 1692e(11) would lead it to violate § 1692c(b)).  In the instant case, as in *Edwards*, "the answer is that the [FDCPA] does not

---

[1]     Although Sclafani does not specify which two calls he believes violated § 1692d(6), the Court assumes that Sclafani refers to the second and fourth calls, where the callers did not disclose that they were calling on behalf of BC Services.

guarantee a debt collector the right to leave answering machine messages." *Id*. at 1354.  If BC Services could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.

BC Services also argues that Sclafani cannot succeed in his § 1692d(6) claim because, as a non-consumer, he does not allege any "injurious exposure" to the calls.  BC Services urges the Court to require that non-consumer plaintiffs alleging claims pursuant to § 1692d plead facts alleging "injurious exposure," but suggests that "injurious exposure" is something more than mere exposure to a communication that violates FDCPA.  *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 155 Fed. Appx. 10, 11–12 (2d Cir. 2005) (seminal case on injurious exposure in which the court affirmed a district court ruling holding that found that a plaintiff suing under § 1692e(5) did not stand in the shoes of the consumer and that plaintiff could not plead injurious exposure).  Although Sclafani neglects to respond to this argument, the Court cannot accede to BC Services' interpretation of "injurious exposure" because it would contravene the plain language of the FDCPA.

The "injurious exposure" requirement derives from Second Circuit jurisprudence.  *See Sibersky*, 155 Fed. Appx. at 11–12; *Bank v. Pentagroup Financial, LLC*, 08-CV-5293 (JG) (RML), 2009 U.S. Dist. LEXIS 47985, at *15–16 (E.D.N.Y. June 9, 2009) (applying *Sibersky*'s "injurious exposure" requirement to a non-consumer plaintiff's claims under § 1692d); *see also Whatley v. Universal Collection Bureau Inc.*, 525 F. Supp. 1204, 1205–06 (N.D. Ga. 1981) (finding that a threat made toward plaintiff's parents was actionable under § 1692c(b) and § 1692d).  In *Sibersky*, the Second Circuit held that a plaintiff could not sue under § 1692e(5), which proscribes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *Id*.  Although the Second Circuit did not define "injurious exposure" in that context, it appeared to require only that the non-consumer plaintiff prove that he was harmed under the particular provision of § 1692—in other words, the offending communication was directed at the plaintiff.  *Id*.  The injurious exposure requirement is appropriate in that context, given that § 1692e(5) applies to threats to take legal action against some person regardless of his status as a consumer.  The court in *Bank*, upon which BC Services relies, applied the injurious exposure requirement to § 1692d.  The *Bank* court held that "in order for [the plaintiff] to have

standing to sue under the FDCPA where an allegedly offending communication was made to a person other than a consumer or a person standing in the consumer's shoes, he would have to plead some injurious exposure to the communication." 2009 U.S. Dist. LEXIS 47985, at *15–16. The court found that the plaintiff pled injurious exposure under § 1692d "[b]ased on the volume of calls here and the fact that some did not identify the debt consumer or contain a return phone number[.]" *Id*. at *16. *Sibersky* and *Bank* make clear that a plaintiff may plead facts supporting injurious exposure by alleging direct exposure to communications that violate FDCPA, specifically, § 1692d.

      Sclafani succeeds in pleading facts demonstrating injurious exposure by alleging that he was subject to calls and voice messages on his home telephone, during which the debt collector callers did not properly identify themselves, in violation of § 1692d(6). The Court cannot expand the injurious exposure requirement to require a plaintiff to demonstrate actual harm, as BC Services suggests. The logical extension of defining the injurious exposure requirement as BC Services requests would be to limit suits pursuant to § 1692d to consumers or individuals standing in the shoes of a consumer. Given that some provisions of the FDCPA explicitly apply solely to consumers, but § 1692d does not, there is no justification for expanding the definition of injurious exposure to require that plaintiffs suing pursuant to § 1692d allege actual harm. BC Services has cited no cases nor made any arguments that explain why the plain language of § 1692d requires that a plaintiff plead actual harm. As such, Sclafani's exposure to the offending calls and messages satisfies any injurious exposure requirement of § 1692d(6).

      That analysis, however, does not end the § 1692d(6) inquiry. Although neither party addresses § 1692b, that provision is relevant here. Section 1692d(6) states that "except as provided in section 804 [15 U.S.C. § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity" violates § 1692b. In turn, § 1692b requires, in part, that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -- (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer . . . ." 15. U.S.C. § 1692b. Section 1692b further prohibits a debt collector from notifying a third party that the consumer owes a debt, or calling

6

repeatedly after being told that the consumer is not available at the called telephone number. *Id*.

The two calls that Sclafani claims violated § 1692d(6) fall within § 1692b, the exception to § 1692d(6). In both calls, the caller identified his or her name, noted that he or she was attempting to contact Samantha Gielow, requested that the message be relayed to Ms. Gielow, and provided a toll-free telephone number for Ms. Gielow to return the call. Importantly, Sclafani does not allege that he requested the callers' employer information, that the callers on either of the two calls stated that Ms. Gielow owed a debt, or that he answered or returned the calls to notify the callers that Ms. Gielow was not at the called telephone number. Therefore, the Court finds that BC Services did not violate the provision because both of those calls fit into the exception to § 1692d(6).

### C.    Count III: Section 1692d(5)

Sclafani alleges that BC Services violated § 1692d(5) by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number[,]" by calling his home telephone and leaving seven voice messages between July 13, 2009 and March 31, 2010.[2] 15 U.S.C. § 1692d(5). The Court finds that Sclafani does not allege facts demonstrating that BC Services placed the calls with intent to annoy, abuse, or harass Sclafani.

The facts, as alleged in the Complaint, state that BC Services left seven voice messages for Sclafani over the course of six months. Sclafani alleges that BC Services also "left similar or identical messages on other occasions[,]" but does not substantiate those claims or provide additional detail. (Pl.'s Compl. ¶ 10.) Sclafani cites no case suggesting that so few calls over the course of so many months demonstrates an intent upon the part of a defendant to annoy, abuse, or harass the person answering the phone. In contrast, BC Services points to several cases, including *Tucker v. CBE Group*, a case where a defendant made 57 calls to a plaintiff, with as many as seven calls per day. *See* No. 3:09-cv-134-J-25 MCR, 2010 WL 1849034, at *3 (M.D.

---

[2] BC Services contends that the first message, which was left on July 13, 2009, falls beyond the one-year statute of limitations defined by § 1692k(d). While it appears that the first call was beyond the one-year statute of limitations because the Complaint was filed on July 30, 2010, the Court need not address this issue as it does not effect the outcome of the analysis.

Fla. May 5, 2010). The court in *Tucker* noted that the plaintiff never asked the defendant to cease calling, and the substance of the calls indicated that the defendant's intent was to reach the debtor, not to harass the plaintiff. *Id*. As in *Tucker*, BC Services' voice messages indicate that it was attempting to locate Samantha Gielow, not to annoy, abuse, or harass Sclafani, regardless of the number of times that BC Services' employees called. Sclafani does not indicate that he ever asked BC Services to cease calling his residence. Additionally, the calls were placed at intervals of more than two weeks apart. Such a pattern does not suggest that BC Services attempted to annoy, abuse, or harass Sclafani. As noted in *Chalik v. Westport Recovery Corp.*, the examples of harassing conduct listed in § 1692d involve behavior intended to harass, upset, humiliate, or panic a debtor." 677 F. Supp. 2d 1322, 1329–30 (S.D. Fla. 2009). That conduct notably is absent in the present case. Therefore, the Court finds that BC Services did not violate § 1692d(5).

## III. COUNT IV: TCPA

In Count IV of the Complaint, Sclafani alleges that BC Services violated a provision of the TCPA, 47 U.S.C. § 227 (b)(1)(B). BC Services contends that this Court cannot hear the TCPA claim, because the Eleventh Circuit has found that state courts have exclusive jurisdiction to hear causes of action arising out of the TCPA's private right of action. *See Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998), *modified* 140 F.3d 898. Sclafani neglected to respond to the BC Services' argument on this point. It appears to be an open question whether a federal court sitting in diversity has jurisdiction to hear a claim raised pursuant to the TCPA's private right of action. *See, e.g.*, *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications*, 294 F. Supp. 834, 837 (M.D. La. 2003). This, however, is a question the Court need not address because Sclafani has not attempted to plead an amount in controversy reaching the jurisdictional level. Thus, the Court must dismiss Count IV because the Court does not have jurisdiction to entertain Sclafani's TCPA claim.[3]

---

[3] In the Conclusion section of its Motion, BC Services points out that Sclafani's attorney, Donald A. Yarbrough, is well aware that this Court cannot have jurisdiction over a private action under the TCPA, because at least four judges within the Southern District of Florida, including this Court, have issued such orders in cases involving Mr. Yarbrough. *See* Order of Dismissal at 1, Lewis v. Central Credit Services, Inc., No. 09-22406-CIV-

**IV.     CONCLUSION**

In its Motion, BC Services seeks an entry of judgment dismissing with prejudice Counts I–III, and dismissing without prejudice Count IV. In his response, Sclafani argues that he has set forth allegations sufficient to meet the standard for a motion for judgment on the pleadings, but does not seek the Court's leave to amend the Complaint if the Court decides otherwise. The Court will not *sua sponte* invite a plaintiff to amend his complaint. *Bankers Insurance Co. v. Florida Residential Property and Casualty Joint Underwriting Association*, 137 F.3d 1293, 1295 n.3 (11th Cir. 1998). For the reasons discussed above, the Court finds that Sclafani has failed to allege facts sufficient to survive a motion for judgment on the pleadings. *See id*. at 1295 ("Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts.") Therefore, BC Services' Motion for Judgment on the Pleadings is GRANTED. Counts I–III are dismissed with prejudice, and Count IV is dismissed without prejudice. The Court will, by separate order, enter final judgment in favor of BC Services.

---

Huck/O'Sullivan (S.D. Fla. June 10, 2010), ECF No. 32; Order on Motion to Dismiss for Lack of Subject Matter Jurisdiction at 2, Mims v. Arrow Financial Services, LLC, No. 09-CV-22347-Ungaro (S.D. Fla. Apr. 5, 2010), ECF No. 27; Order Granting Defendant's Motion to Dismiss at 3, Outten v. United Collection Bureau, Inc., No. 09-21817-CIV-Gold/McAliley (S.D. Fla. Apr. 6, 2010), ECF No. 12; Order at 2, Ortega v. United Collection Bureau, Inc., No. 09-22657-CIV-Graham/Torres (S.D. Fla. October 5, 2010), ECF No. 40. BC Services argues that Mr. Yarbrough can have no excuse that he was not aware of this Eleventh Circuit case law at the time he filed the Complaint. Therefore, BC Services contends that in filing a TCPA claim in federal district court, Mr. Yarbrough violated Rule 11 of the Federal Rules of Civil Procedure, which requires that by presenting a pleading to the Court, an attorney is representing that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" BC Services contends that Mr. Yarbrough's assertion of a TCPA claim in federal district court may fall under the Eleventh Circuit's category of Rule 11 sanctionable conduct because it may be "a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law[.]" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). BC Services finally contends that the Court should award sanctions. However, BC Services has not filed a motion for sanctions. If BC Services wishes the Court to consider awarding sanctions, including attorneys fees, it must file a motion in compliance with the Local Rules so that the Court may consider the parties' arguments at the appropriate time.

DONE AND ORDERED in Chambers, Miami, Florida, on October 18, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record