UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61360-CIV-HUCK/O'SULLIVAN

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

BC SERVICES, INC.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT

THIS MATTER is before the Court on Plaintiff Lawrence M. Sclafani's Motion to Amend Judgment [D.E. #24], filed November 15, 2010, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff seeks to amend the Court's Order [D.E. #20] granting Defendant's Motion for Judgment on the Pleadings, filed October 18, 2010, solely as it pertains to Count II of Plaintiff's Complaint, which alleges that Defendant BC Services violated § 1692d(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff argues that the Court's grant of judgment on the pleadings with regard to Count II was improper because (1) the Court based its decision on a legal argument not raised by Defendant—that Defendant's calls on July 30, 2009 and November 18, 2009 fell within the § 1692b exception to § 1692d(6); (2) factual issues remain as to whether Defendant's calls on July 30, 2009 and November 18, 2009 were made for the purpose of acquiring location information in accordance with § 1692b; and (3) Plaintiff was "deprived of discovery which may have revealed" that Defendant made other calls violating § 1692d. Essentially, Plaintiff argues that the Court's grant of judgment on the pleadings as to Count II was premature because it is possible that Defendant made other calls to Plaintiff—not described in the Complaint—which demonstrate that § 1692b, the exception to § 1692d, did not apply to Defendant. Because Plaintiff points to no factual or legal issues that might reasonably be expected to alter the Court's prior conclusion, the Court denies Plaintiff's Motion to Amend Judgment.

1

**I.   FACTUAL BACKGROUND**

The relevant facts are the same as those discussed in the Court's previous Order [D.E. #20].

**II.   LEGAL STANDARD**

"Rule 59(e) does not set forth any grounds for relief and the district court has considerable discretion in reconsidering an issue." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing *American Homes Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985); *see Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." *Lockard*, 163 F.3d at 1267. The standard for granting reconsideration is strict and will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (emphasis added). In other words, reconsideration should be granted only where the movant has pointed to factual or legal matters "that might reasonably be expected to alter the conclusion reached by the court;" it should not be granted where the moving party seeks solely to relitigate an issue already decided. *Id*.

**III.   ANALYSIS**

Plaintiff asserts several arguments for why the Court should amend its Order. First, Plaintiff argues that the Court abused its discretion by finding that the facts in the pleadings established that two calls by Defendant to Plaintiff—which Plaintiff argued violated § 1692d(6)—were subject to the § 1692b exception listed in § 1692d(6), when Defendant did not make that argument. In essence, Plaintiff argues that when deciding a dispositive motion, such as a motion for judgment on the pleadings, a district court only may consider legal analysis raised and addressed by the parties. The Court disagrees with Plaintiff's analysis.

The Eleventh Circuit has made clear that "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). The district court must "accept all the

facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id*. Thus, a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *Equal Employment Opportunity Commission v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). For a complaint to survive a motion for judgment on the pleadings, the plaintiff must allege factual allegations raising a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). In its analysis, the district court is "constrained to examine only the sufficiency of the face of the complaint as written." However, when deciding such a dispositive motion, the Court is not constrained to limit its analysis strictly to the legal arguments raised by the parties. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir. 1994) (noting that on a motion for summary judgment, a court is "not constrained to accept all the nonmovant's factual characterizations and legal arguments"); *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 183 (7th Cir. 1986) (stating, in the context of a motion to dismiss, that "[w]e are of course not bound by the legal characterizations [that the plaintiff] gives th[e] facts"); *Municipal Revenue Service, Inc. v. Xspand, Inc.*, 700 F. Supp. 2d 692, 703 n.19 (M.D. Pa. 2010) ("[I]n resolving a motion for summary judgment, the Court is not constrained to consider only those arguments interposed by counsel.").

Count II of Plaintiff's Complaint alleges that Defendant violated § 1692d(6) of the FDCPA, which states "[e]xcept as provided in section 804 [15 U.S.C. § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity" violates § 1692d. In its prior Order, the Court found that the facts alleged in the Complaint subjected Defendant's July 30, 2009 and November 18, 2009 calls to the exception to § 1692d(6). Plaintiff does not point to any additional facts alleged in the Complaint contradicting this finding. Instead, Plaintiff argues that the Court abused its discretion by considering whether the exception to § 1692d(6) applied to Defendant. In support of his argument, Plaintiff cites only a United States Supreme Court case standing for the proposition that the party asserting an exception to a statute holds the burden of proving the applicability of the exception. *See Federal Trade Commission v. Morton Salt Co.*,

3

334 U.S. 37, 44–45 (1948). *Morton Salt* is inapplicable to the material facts of this case, as it establishes only the relative burdens of proof, which are not at issue here. As discussed above, the Court is not required to limit its analyses solely to the legal arguments raised by the parties. In the instant case, the Court cannot be expected to sit idly by while both parties misapply the law to the facts alleged in the Complaint. Plaintiff cites no case suggesting that it was improper for this Court to consider whether Defendant's conduct fit into the exception of § 1692d(6), nor any case stating that this Court cannot consider a legal argument not raised by the parties when deciding a motion for judgment on the pleadings. Therefore, Plaintiff fails to prove that the Court exceeded its authority in considering whether the exception was applicable.

Second, Plaintiff argues that factual issues remain as to whether "Defendant was truly communicating with Plaintiff for the purpose of acquiring location information about Samantha Gielow . . . because . . . Defendant left other messages demonstrating that it was <u>not</u> seeking to collect location information . . . ." (Pl.'s Mot. to Am. J at 1.) (Emphasis in original.) Essentially, Plaintiff argues that because Defendant was not attempting to acquire location information for Samantha Gielow in all of the calls it made to Plaintiff, it "<u>may</u> not have been communicating with Plaintiff for the sole purpose of acquiring location information about Samantha Gielow" during the July 30, 2009 and November 18, 2009 calls. (*Id.* at 3.) (Emphasis in original). The transcription of those calls belies Plaintiff's argument. As discussed in the Court's prior Order, the plain text of both calls indicates that Defendant was attempting to locate Ms. Gielow. Moreover, Plaintiff points to no alleged facts that contradict this clear interpretation, or facts that mandate a contrary conclusion. Plaintiff argues that "a fact relevant to this issue is whether or not Defendant possessed Ms. Gielow's contact information." However, Plaintiff does not allege that Defendant possessed Ms. Gielow's information, nor does it appear likely that Defendant actually possessed such information considering that Defendant was attempting to contact Ms. Gielow at Plaintiff's residence despite the fact that Ms. Gielow did not live at Plaintiff's residence, that Plaintiff was not liable for her debt, and that Plaintiff does not even know Ms. Gielow. As such, Plaintiff fails to demonstrate that factual issues remain in dispute regarding the purpose of Defendant's calls.

Similarly, Plaintiff's request for discovery on the issue amounts to a plea for the Court to

look beyond the pleadings and assume that Defendant made other calls to Plaintiff inquiring about Ms. Gielow's location information. In addition to the seven calls transcribed in the Complaint, Plaintiff alleges that Defendant called him other times but—other than stating in the Complaint that "Defendant left similar or identical messages on other occasions"—does not make any attempt to further substantiate the substance of those calls. Plaintiff argues that "[d]iscovery may show that Defendant called Plaintiff on other occasions seeking Samantha Gielow's location information[.]" (Pl.'s Mot. to Am. J at 3.) Plaintiff cannot build a case founded merely on speculation. The Court cannot guess at or make assumptions regarding the number or substance of these calls, when neither the number or substance of the calls are alleged specifically by Plaintiff. The seven calls detailed by Plaintiff evidence a range of different messages, left by live and automated callers. The Court cannot guess at which calls Plaintiff refers to when he states that "Defendant left similar or identical messages on other occasions." As noted above, when analyzing a motion for judgment on the pleadings, the Court is constrained to the four corners of the pleadings. The Court cannot allow Plaintiff to proceed blindly into discovery on a fishing expedition when the specific allegations of the Complaint do not reveal any remaining issue of material fact.[1] To do so would abrogate the Supreme Court's rule that "threadbare recitals" of facts do not suffice to state a claim. *See Iqbal*, 129 S. Ct. at 1949–50. Therefore, the Court concludes that Plaintiff fails to raise factual or legal matters that might reasonably be expected to alter the conclusion reached by the Court.

---

[1] In its prior Order, the Court noted that Plaintiff had not requested the opportunity to amend the Complaint to cure any defects prior to the Court's Order granting Defendant's Motion for Judgment on the Pleadings. To date, Plaintiff has not requested leave to amend the Complaint to supply additional details regarding the alleged "similar or identical messages" from Defendant. The Eleventh Circuit previously has found that a district court does not abuse its discretion by not *sua sponte* inviting a plaintiff to amend a complaint. *Bankers Insurance Co. v. Florida Residential Property and Casualty Joint Underwriting Association*, 137 F.3d 1293, 1295 n.3 (11th Cir. 1998).

The Court further notes that Plaintiff is precluded from asserting a separate cause of action regarding the "similar or identical messages" that he alleges Defendant left on his answering machine, because these "similar or identical messages" should have been raised in detail as part of the allegations of this case. *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1129 (M.D. Fla. 2009).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Judgment, pursuant to Rule 59(e), is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, on January 6, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record